# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROGER BREWER, | ) | 1:06cv0435 DLB |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING |
| | ) | PETITION FOR FEES |
| v. | ) | |
| | ) | (Document 26) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Marc V. Kalagian ("Counsel"), attorney for Plaintiff Roger Brewer, filed the instant petition for fees on June 10, 2008.  Counsel requests fees in the amount of $4,250.00 pursuant to 42 U.S.C. § 406(b)(1).

Defendant filed a response to Counsel's request on June 24, 2008.  Defendant explains that it does not enter into agreements regarding the payment of section 406(b) fee requests because the requests are made pursuant to contingency fee agreements to which the Defendant is not a party and the money at stake ultimately comes from Plaintiff's past due benefits award.  Nevertheless, Defendant presents its analysis of the fee request to the Court and does not object to Counsel's request.

The parties have consented to the jurisdiction of the Magistrate Judge for all purposes.

1

## BACKGROUND

Plaintiff filed his social security complaint on April 10, 2006. On June 29, 2007, the Court remanded the case for payment of benefits. On October 3, 2007, pursuant to the parties' stipulation, the Court ordered payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $3,150.00.[1]

In his declaration, Counsel explains that he received a copy of Plaintiff's Notice of Award, dated March 18, 2008. Declaration of Marc V. Kalagian, ¶ 3. According to the notice, the Social Security Administration was withholding $9,168.75, which represented 25 percent of Plaintiff's total past due award, as attorney's fees. Multiplying this number by four, Counsel arrived at a past due award of $36,675.00.[2]

By this motion, Counsel seeks $4,250.00 for 18.65 hours of attorney work and 3 hours of paralegal work before this Court. After crediting $3,150.00 received previously pursuant to the EAJA, Counsel requests a net fee of $1,100.00 from the past due award. In awarding the fee, Counsel requests that the Commissioner certify the fee of $4,250.00 payable directly to Counsel, and that Counsel refund $3,150.00 to Plaintiff.

## DISCUSSION

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." Agreements are not enforceable to the extent that they provide for fees

---

[1] The award was payable to Marc V. Kalagian, as Plaintiff's assignee and subject to reservation of rights.

[2] Defendant correctly notes that the past due award amount of $36,675.00 was inferred by Counsel and that no documentary proof of the exact amount of the award was provided to the Court. However, using the yearly break down of Plaintiff's past due award yields a very similar number, and because the amount of attorneys' fees withheld is used only as a guidepost, the Court will not require additional documentation.

exceeding 25 percent of the past-due benefits. *Id.* "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. *Id.* Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

Here, Counsel states that he spent 18.65 hours of attorney time and 3 hours of paralegal time representing Plaintiff before this Court. For these hours, he requests a total of $4,250.00, which is significantly less than 25 percent of Plaintiff's past due award. This results in an effective rate of $196.30, assuming that the paralegal time is counted as attorney time (for a total of 21.65 hours). If the paralegal hours are not counted towards attorney time, the effective rate is $227.88.[3] Under either calculation, the requested amount is reasonable given the substantive work performed before this Court and the favorable result obtained for Plaintiff.

**ORDER**

Counsel is entitled to a 406(b) award in the amount of $4,250.00. The petition is therefore GRANTED in the amount of $4,250.00. Pursuant to Counsel's request, the Court orders this amount payable directly to Counsel. Upon payment, Counsel is directed to refund $3,150.00 to Plaintiff.

IT IS SO ORDERED.

Dated:   **July 11, 2008**              **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Counsel sets forth effective rates of $216.39 for attorney time and $71.44 for paralegal time, but it is unclear how Counsel arrived at these calculations.

3